FILED

NOT FOR PUBLICATION

FEB 01 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



RICHARD E. HASKINS, as an individual, as trustee of the San Bruno Channel Remediation Trust, and as successor in interest to decedent Arthur "Buzz" Haskins, Jr.; ARTHUR L. HASKINS, as an individual and as successor in interest to decedent Arthur "Buzz" Haskins, Jr.; ARTHUR BUZZ HASKINS, Jr., decedent, by and through his successors in interest, Richard E. Haskins and Arthur L. Haskins,

Plaintiffs-Appellants,

v.

EMPLOYERS INSURANCE OF WAUSAU, a Wisconsin corporation; NATIONWIDE INDEMNITY COMPANY, an Ohio corporation,

Defendants-Appellees.

No.    16-16543

D.C. No. 3:14-cv-01671-JST

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Argued and Submitted December 6, 2017

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

San Francisco, California

Before: RAWLINSON and OWENS, Circuit Judges, and RICE,[**] Chief District Judge.

Richard Haskins, Arthur Haskins, and the estate of Arthur "Buzz" Haskins (collectively Haskins) appeal the district court's judgment in favor of Haskins' liability insurer, Employers Insurance of Wausau (Wausau), and its parent company, Nationwide Indemnity Company, concerning Wausau's duty to defend counterclaims in Haskins' environmental clean-up action against Cherokee Acquisition Corporation, Cherokee San Francisco, LLC, and Cherokee Grand Avenue, LLC (collectively Cherokee). The district court granted summary judgment in favor of Wausau based on its determination that Wausau satisfied its duty to defend, and that Haskins violated the cooperation and no-voluntary-payments provisions of the insurance contract.

**1.** This court reviews *de novo* the district court's grant of summary judgment. *See Uthe Tech. Corp. v. Aetrium, Inc.*, 808 F.3d 755, 759 (9th Cir. 2015). The district court did not err in granting summary judgment in favor of Wausau. Wausau immediately undertook a defense of the counterclaim by pursuing a settlement with Cherokee following a reasonable investigation into

[**] The Honorable Thomas O. Rice, Chief United States District Judge for the Eastern District of Washington, sitting by designation.

coverage. *See California Shoppers, Inc. v. Royal Globe Ins. Co.*, 175 Cal. App. 3d 1, 55 (1985) (holding that an insured who alleges that his insurer was dilatory in providing a defense bears the burden of showing that the insurer delayed "without proper cause"). The proposed settlement would have dismissed with prejudice the counterclaims for recovery of all costs incurred, dismissed without prejudice any counterclaims for potential future costs, and thereby eliminated Cherokee's counterclaims from the litigation. The speculative potential of future costs did not rise to the level of a breach of the duty to defend or bad faith on the part of Wausau. *See Buss v. Superior Court*, 16 Cal. 4th 35, 46 (1997) (concluding that an insurer's duty to defend is "discharged when the action is concluded"). Haskins failed to raise a material issue of fact regarding the duty to defend. *See Mayes v. WinCo Holdings, Inc.*, 846 F.3d 1274, 1277 (9th Cir. 2017).

**2.** Wausau was not required to attend the mediations because Wausau had reached a settlement with Cherokee and was not required to defend Haskins' affirmative claims for relief in the underlying action. *See Silva & Hill Constr. Co. v. Employers Mut. Liab. Ins. Co.*, 19 Cal. App. 3d 914, 927 (1971). Summary judgment on this claim was proper.

**3.** Wausau was not required to act within forty days because the tender of a claim for defense does not meet the definition of a "proof of claim." *See* Cal. Code

3

Regs. tit. 10, § 2695.2(s) (defining "proof of claim" as "documentation in the possession of the insurer . . . that provides any evidence of the claim and that reasonably supports the magnitude or the amount of the claimed loss"); *see also id.* § 2695.7 (providing for acceptance or denial of proof of claim within forty days). Summary judgment on this claim was proper.

**4.** Haskins assumed its own defense by breaching the duty to cooperate through objecting to Cherokee's motion to dismiss the counterclaims and thwarting Wausau's attempts to settle. Wausau was substantially prejudiced by this breach because Cherokee withdrew its initial settlement offer and ended up settling with Haskins directly for a much greater sum. *Truck Ins. Exch. v. Unigard Ins. Co.*, 79 Cal. App. 4th 966, 976 (2000) (holding that an insurer's performance is excused "[w]here an insured violates a cooperation clause" and the insurer's "ability to provide a defense has been substantially prejudiced") (citations omitted). Summary judgment on this claim was proper.

**5.** The policies contained a no-voluntary-payments clause that prohibited the insured from "voluntarily mak[ing] any payment" or "assum[ing] any obligation." Haskins breached this clause by settling the underlying action without the consent of its defending insurer. *See Truck Ins. Exch.*, 79 Cal. App. 4th at 981. Summary judgment on this claim was proper.

**6.** The district court's order resolved all claims except defense costs, which were later settled between the parties. Haskins' claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory relief were predicated upon a finding of a breach of the duty to defend and are foreclosed by the district court's order.

**AFFIRMED.**